NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMAD AMMAR, AKA Ammar Ahmad, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CLIFFORD L. KLEIN, Judge, in his personal and official capacity; et al., <br><br> Defendants-Appellees. | No. 18-55090 <br><br> D.C. No. 2:17-cv-06354-SK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Steve Kim, Magistrate Judge, Presiding[**]

Submitted August 15, 2018[***]

Before: FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Ahmad Ammar, AKA Ammar Ahmad, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)). We may affirm on any basis supported by the record, *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 n.1 (9th Cir. 2007), and we affirm.

Dismissal of Ammar's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine is proper, because Ammar's claims amount to a de facto appeal of a prior state court judgment and are inextricably intertwined with that judgment. *See Noel v. Hall*, 341 F.3d 1148, 1157-58, 1163-65 (9th Cir. 2003) (explaining applicability of the *Rooker-Feldman* doctrine); *see also Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (a de facto appeal exists when a plaintiff contends there is an erroneous state court decision, and seeks relief from the state court judgment based on that decision); *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012) (explaining when claims are "inextricably intertwined").

The district court did not abuse its discretion by denying Ammar's motion for reconsideration because Ammar failed to establish any grounds for such relief. *See Sch. Dist. No 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

Because we conclude the district court lacked subject matter jurisdiction, we do not consider Ammar's contention regarding the merits of his claims.

**AFFIRMED.**